(102 So. 615)

## ALABAMA BOND & TRUST CO. v. NATIONAL LIFE & ACCIDENT INS. CO.
### (6 Div. 188.)

(Supreme Court of Alabama. Jan. 15, 1925.)

Corporations ⬦➡372—Exercise of powers, increased by amendment to charter of Tennessee corporation, not ultra vires under Constitution.

Exercise of increased powers conferred on Tennessee corporation by legislative amendment permitted by Tennessee Constitution, *held* not ultra vires, under Const. Ala. 1901, § 233, requiring corporation to engage in no business except as expressly authorized by charter, the amendments being incorporated into and becoming part of charter.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Bill in equity, to foreclose a mortgage on real estate by the National Life & Accident Insurance Company against the Alabama Bond & Trust Company. From a decree for complainant, defendant appeals. Affirmed.

W. H. Brantley, Jr., of Birmingham, for appellant.

The mortgage is void, for that complainant's charter does not expressly authorize it to loan money and take as security a mortgage on real estate. Const. 1901, § 233; Chambers v. Falkner, 65 Ala. 448; Grand Lodge v. Waddill, 36 Ala. 313; Waddill v. Ala., etc., Ry., 35 Ala. 323.

Brenton K. Fisk, of Birmingham, for appellee.

The loaning of money and receiving mortgage on realty is in the exercise of complainant's corporate charter, and the mortgage here is valid. Alabama Red Cedar Co. v. Tenn. Valley Bank, 200 Ala. 622, 76 So. 980; A. G. S. v. Loveman, 196 Ala. 683, 72 So. 311. The powers granted in complainant's charter are within section 233 of the Constitution of Alabama, 1901, 2 Fletcher's Cyc. Corp. § 946; Const. Tenn. art. XI, § 6; Acts Tenn. 1907, c. 458; N. Y. C. & H. R. v. Williams, 199 N. Y. 108, 92 N. E. 404, 35 L. R. A. (N. S.) 549, 139 Am. St. Rep. 850; Lord v. Equitable Assurance Soc., 194 N. Y. 212, 87 N. E. 443, 22 L. R. A. (N. S.) 420; Randle v. Winona Case Co., 206 Ala. 254, 89 So. 790, 19 A. L. R. 118.

SAYRE, J. Appellee took a mortgage on real estate of appellant to secure a loan of money. Upon default appellee filed its bill to foreclose and had a decree accordingly. The defense was that appellee had not the corporate power to lend money on a mortgage of land. Section 233 of the Constitution of 1901 provides that:

"No corporation shall engage in any business other than that expressly authorized in its charter or articles of incorporation."

It may be conceded that by its original charter, under the laws of the state of Tennessee, appellee would have the reasonably implied power to lend its funds on the security of mortgaged realty if its powers could be enlarged by implication; but the constitutional provision quoted above denies resort to implication for that purpose. However, by a subsequent legislative amendment, appellee was expressly authorized to lend its funds upon improved, unincumbered real property in any state with safeguarding conditions which, we may assume, have been satisfied, since nothing is said to the contrary. By the Constitution of Tennessee (shown in evidence) the Legislature of that state has the right to amend all corporate charters, and there could hardly arise any serious question as to the exercise of that power in this case, for the amendment conferred additional beneficial power upon appellee corporation—a matter of which the parties to this cause could not very well be heard to complain. Moreover, the officers, directors, and all the stockholders of appellee corporation accepted the provisions of the act as an amendment of its charter, and thereupon such provisions became incorporated into its charter as a part thereof. Appellee negotiated its mortgage under the powers conferred by the amendatory act, its amended charter. No other reason is suggested, nor does any occur to us, why appellee should not exercise its enlarged power in this state. Further we need not say. The trial court ruled agreeably with the views we have expressed when it entered its decree of foreclosure, and, as for anything said to the contrary, its decree must be affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.